## REUBEN R. THRALL *v.* DANIEL LINCOLN.

### *New trial.*

A new trial for the alleged reason that a juror had, previous to the trial, formed and expressed an opinion, *refused;* there being but the oath of one witness to the fact against that of the juror; the alleged opinion being upon a matter of law; and it appearing that, if the juror had formed or expressed an opinion, he was not conscious of it at the time of the trial.

PETITION FOR A NEW TRIAL, the ground of the application being that one of the jurors had formed and expressed an opinion respecting the case previous to the trial. The suit in which the trial was had was an action of assumpsit in favor of the petitionee, against the petitioner, counting upon a promissory note. At the time of empanelling the jury, the juror in question was inquired of whether he had formed and expressed an opinion, respecting the cause, and replied that he had not. Upon the trial, after the plaintiff had introduced his note, the defendant, (the present petitioner,) introduced a receipt of a subsequent date apparently cutting off the note. Testimony was then introduced by the plaintiff, tending to prove that the receipt and note were executed at the same time, and the note given upon a settlement, and was justly due ; and by the defendant tending to show that the note was not justly due, and that the receipt was expressly designed to cut off the note. The jury returned a verdict for the plaintiff.

A witness, whose affidavit accompanied the petition, testified that he had several conversations with the juror, prior to the trial, respecting the merits of the suit, in which the juror expressed his opinion freely in the case, which was that the plaintiff therein ought to recover, &c. After the service of the petition the deposition of the same witness was taken in behalf of the petitionee, in which he stated that both the juror and himself, at the time of the conversation, were under the impression that the receipt and note both bore the same date; and that he could not swear that the juror stated to him any opinion in relation to the case, except that a receipt bearing the same date would not cut off a note, and if that was Lincoln's case he ought to recover; and that if any other opinion was expressed, it had escaped his recollection.

*R. R. Thrall* and *C. L. Williams* for the petitioner.

*Briggs & Nicholson* for the petitionee.

*By the court*, REDFIELD, CH. J. The court are not satisfied that the testimony now adduced in support of the petition for a new trial, shows any such bias upon the mind of the juror, at the time he tried the case, as to operate as a legal disqualification. The testimony of the witness finally amounts to nothing more, than that the juror expressed an opinion as to the effect of a receipt in full, upon a note dated the same day, which was a question of law; and the question did not, in form, arise in the case, the receipt bearing a subsequent date, but seems to have been affected by evidence. Such an expression of opinion might be a good reason, why, in the discretion of the court, a juror should be set aside. But had the juror, upon this same proof, been allowed to sit, it is not certain, by any means, that a new trial should be granted on that account.

1. It is only proved by the oath of one witness against the testimony of the juror, which is no fair balance of proof, the juror being, in fact, as disinterested as the witness, in regard to this question.

2. If we are to believe both persons entirely sincere in their testimony, it shows very clearly that the juror was not conscious of having formed or expressed any opinion. And the consciousness of the fact is the chief ground of disqualification.

3. The opinion was not upon any matter of fact in the case.

Petition dismissed with costs.